2001 OK 68

**In the Matter of the REINSTATEMENT OF Jess Vince HIGHTOWER to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD–4595.**

Supreme Court of Oklahoma.

Sept. 10, 2001.

### ORDER

¶ 1 This matter is before the Court pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1 A (RGDP), for consideration of petitioner, Jess Vince Hightower's January 29, 2001 petition for reinstatement to membership in the Oklahoma Bar Association (OBA).   After the petition was filed, the matter was investigated by the OBA through its Office of General Counsel and the OBA recommends favorable treatment of the petition by this Court.   Further, a hearing was held in the matter in June 2001 before a trial panel of the Professional Responsibility Tribunal (PRT), which on July 9, 2001 filed a report with this Court recommending the petition be granted and that petitioner be reinstated as a member of the OBA. On July 24, 2001 the OBA and petitioner filed a joint brief with this Court in which they both request the petition for reinstatement be approved.

¶ 2 Upon consideration of the matter we find the record submitted to us shows by clear and convincing evidence the following:

1.   Petitioner is a graduate of the University of Tulsa College of Law. He was admitted to OBA membership and licensed to practice law in the State of Oklahoma in October 1983.

2.   From approximately October 1983 to April 1985 petitioner resided in Oklahoma and practiced law with a law firm in Tulsa, Oklahoma.   He moved from Oklahoma to

Texas in 1985 to practice law with a law firm in Houston, Texas. Petitioner was admitted to practice law in Texas in 1985 and for the majority of the time period between late 1985 until June 1997 he was engaged in the private practice of law in the State of Texas. In June 1997 he voluntarily elected inactive status with the State Bar of Texas. Petitioner was an inactive member, in good standing, with the State Bar Of Texas at the time his petition for reinstatement was filed in this matter; at the time of the PRT hearing in this matter; and, we have been provided no information that his status with the State Bar of Texas has changed since that time. Petitioner elected to take inactive status in Texas to pursue business and personal interests, and at no time since he elected such status has he practiced law. The investigation by the OBA uncovered no evidence that petitioner has ever been the subject of any disciplinary proceeding in the State of Texas or that he engaged in the unauthorized practice of law in Oklahoma or any other jurisdiction.

3. Petitioner, in June 1987, voluntarily resigned his OBA membership because he no longer practiced law in Oklahoma. At the time of his resignation from the OBA and, by virtue of said resignation, when his name was stricken from the Roll of Attorneys licensed to practice law in the State of Oklahoma, petitioner had not been the subject of any disciplinary investigation or proceeding.

4. Since approximately late 1997 petitioner has resided in the Tulsa, Oklahoma area or in the State of Wisconsin and since that time he has pursued private business interests, unrelated to the practice of law. He now desires to reinstate his Oklahoma law license.

5. Petitioner possesses the good moral character entitling him to be admitted to the OBA.

6. In compliance with Rule 11.5(b), RGDP, petitioner has not engaged in the unauthorized practice of law in Oklahoma or any other State during the period of his resignation.

7. Petitioner has shown he has kept abreast of developments in the law and possesses the competency and learning in the law required for admission to practice law in Oklahoma. Petitioner is not required to retake the Oklahoma Bar Examination as a condition to reinstatement.

8. Petitioner has not filed a petition for reinstatement to the OBA during the one year period immediately preceding the instant petition's date.

9. The OBA has incurred costs in this matter in the amount of $482.58, and the OBA is entitled to be reimbursed for these costs by petitioner pursuant to the terms of Rule 11.1(c), RGDP. Further, petitioner owes $400.00 in dues and late penalty charges to the OBA that have been outstanding since his resignation from the OBA in 1987. Petitioner also understands he is responsible for paying membership dues to the OBA for the current year.

10. Petitioner's petition for reinstatement should be approved.

¶ 3 In that petitioner has met his burden of proof to show, by clear and convincing evidence, each of the prerequisites to reinstatement found in Rule 11.5, RGDP, it is **ORDERED** that petitioner, Jess Vince Hightower, be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma.

¶ 4 It is also **ORDERED** that petitioner shall pay to the OBA: (1) the costs of this proceeding in the amount of $482.58; (2) the amount of $400.00, representing the amount of outstanding dues and late penalty charges owed to the OBA at the time of his resignation from the OBA in 1987; and (3) current year membership dues. These amounts are **ORDERED** to be paid within twenty (20) days from the date this Order is filed with the Clerk of this Court.

¶ 5 It is also **ORDERED** that reinstatement is conditioned upon petitioner's payment to the OBA of the amounts specified in ¶ 4 above.

¶ 6 ALL JUSTICES CONCUR.